Greene, J.
delivered the opinion of the court.
John White executed a bond to Joshua Campbell, dated 26th July, 1790, to convey him the one half, according to Quality and quantity, of a 571 acre tract of land on Harpeth river, being the service right of Cornelius Drake, so soon as a grant could be obtained for the same, and so soon as said White could procure a title thereto. Campbell died, and Daniel Koen obtained from his heirs an assignment of the bond on White. White obtained a title to the land from Drake, by a decree of the Supreme Court in 1817. Before this time Daniel Koen died, leaving the complainant his heir at law.
The complainant became of the age of 21 years in 1825, ánd this bill was filed the 7th of March, 1827, for á specific performance of the contract.
The defendants resist the décreó sought by thé bill upon several grounds.
It is objected, that there is no evidence that ány consideration was given to Campbell’s heirs, by Daniel Koen, without proof of which he cannot move the conscience of this court in his favor. It is true there is no direct proof of a consideration; but Campbell’s heirs are made defendants to the bill, and having failed to answer, it was taken pro confesso against them. It is, therefore, to be treated as though they *362 had answered, and admitted the receipt of a consideration J for the bill charges that Koen paid them I valuable consider" ation for the land.
The payment of a consideration having been established, as between Campbell’s heirs, and the complainant, the other defendants have no right to resist a decree on that ground.
It is objected, that this bill is not brought in time; and that the infancy of the complainant is no excuse; the circumstances of the parties and the value of the property having greatly changed.
It is true a great number of years have elapsed since this-bond was given, but the ancestors of the defendant was not liable to be called on for the title, until he procured one from Drake. This he did not obtain, until in 1817, when it was-decreed him by this court. At that time the father of the complainant was dead, and he was an infant, not having arrived at full age until 1825, about 18 months before the bill was brought.
The case of Smith’s Heirs vs. Christmas, 7 Yerg. 565, and similar cases relied on by the counsel for the defendants, are very different from this. They are cases where time is of the essence of the contract; where something must be done by the party seeking a performance, precedent to his right to de--mand it. In such case, a complainant must show himself to-have been “ready, willing and eager,” to comply on his part.
But the case is wholly different, where, as here, two men-are tenants in common of a tract of land, to which they have an equitable title, and one of them gives his bond to convey to his co-tenant the other half, so soon as he shall get the legal-title. The party seeking the enforcement of the contracthadno precedent condition to perform, the non-performance of which would embarrass and involve the other in difficulties and loss. The circumstances of the parties, therefore, can not be said to have changed so as to render it inequitable for the court to decree a performance.
It is insisted that the original title bond, of which a copy is exhibited in the bill, was in the hands of one McDaniel, from-whom the ancestor of the defendants purchased it, by the pay- *363 nient of a grey mare and a foal, a watch and some money; and that said original bond was not lost as is alleged in the bill.
It is unnecessary to refer particularly to the evidence upon this point; it is contradictory, confused and inconclusive.
The bond upon which this credit is said to have been, is not sufficiently identified by the witness who speaks most certainly about it, to satisfy the court that it was the one for the land in question; and this evidence is much weakened by opposing facts and circumstances.
Besides, it is not even contended that the bond was assigned to McDaniel, or that he had any right to the land.
If, therefore, White obtained possession of it from him, for a consideration paid; the complainant’s equity to the land would not be extinguished thereby.
We therefore think the complainant is entitled to the relief he seeks.
Let the decree be affirmed.